## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **TRACEY SPRINGHORN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 16-1187-EFM-GEB** |
| | ) | |
| **MCCONNELL AIR FORCE BASE** | ) | |
| **CHILD DAYCARE CENTER, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Simultaneous with the filing of this order, the Court granted Plaintiff's request to proceed in this case without prepayment of the filing fee. (Order, ECF No. 4.)  However, the authority to proceed without payment of fees is not without limitation.   Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines the action: 1) is frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks relief from a defendant who is immune from suit.  After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

## I.     Background[1]

Within days of each other, Plaintiff filed two separate cases in this Court which are currently being considered by the undersigned Magistrate Judge.  This case, the first filed, alleges claims against McConnell Air Force Base Childcare Center and its employees.  Plaintiff claims Defendants violated her parental rights, in contravention of 28 U.S.C. § 1343 and 28 U.S.C. § 241, by failing to follow a court order issued from the District Court of Sedgwick County[2] to allow Plaintiff equal access to her children.[3]  In the second case, Plaintiff alleges her ex-husband, Sgt. Paul Armstrong, used his official position at the base to deny Plaintiff access to her children in violation of her parental rights.[4]  Simultaneous with the filing of this recommendation, the undersigned also recommends dismissal of Case No. 16-1196-JTM-GEB.[5]

## II.    Recommendation

### A.     Subject-Matter Jurisdiction

Federal courts are of limited jurisdiction and must have a statutory basis for their jurisdiction.[6]  Plaintiff, as the party invoking federal jurisdiction, has the burden to allege facts demonstrating the presence of subject-matter jurisdiction.[7]  However, courts also

---

[1] The "Background" section is based upon the pleadings and should not be construed as judicial findings or factual determinations.

[2] *Armstrong v. Springhorn*, Case No. SG-12-DM-7465 (Sedgwick County Dist. Court) (Order dated Aug. 13, 2015, attached to Compl., ECF No. 1 at 7).

[3] *See* Compl., ECF No. 1.

[4] *Springhorn v. Armstrong*, No. 16-1196-JTM-GEB (D. Kan., filed June 13, 2016).

[5] *Id*. at ECF No. 5.

[6] *Gad v. Kansas State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015); *U.S. v. Cotton*, 535 U.S. 625, 630 (2002).

[7] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

have an independent obligation to determine whether subject-matter jurisdiction exists.[8]

When a federal court concludes it lacks subject-matter jurisdiction, it must dismiss the

action under Fed. R. Civ. P. 12(h)(3).[9]

Plaintiff alleges subject-matter jurisdiction under two federal statutes, 18 U.S.C. §

241 and 28 U.S.C. § 1343.  Addressing first 18 U.S.C. § 241, it reads in relevant portion:

> If two or more persons conspire to injure, oppress, threaten, or intimidate
> any person in any State, Territory, Commonwealth, Possession, or District
> in the free exercise or enjoyment of any right or privilege secured to him by
> the Constitution or laws of the United States, or because of his having so
> exercised the same . . . They shall be fined under this title or imprisoned not
> more than ten years

However, this statute was enacted to impose *criminal sanctions* and does not create a

private cause of action.[10]  Consequently, Plaintiff is precluded from bringing criminal

charges against Defendant through a private lawsuit.[11]

Plaintiff also pleads jurisdiction under 28 U.S.C. § 1343 which confers jurisdiction

on federal courts for:

> The deprivation under color of State law of any right or privilege secured
> by the United States Constitution or any Act of Congress providing for
> equal rights of citizens.

However, in order for jurisdiction to exist under this statute, Plaintiff must allege a

violation of the Constitution or another federal law by a state actor.[12]  Plaintiff's has only

pleaded 18 U.S.C. § 241, which as discussed above cannot be brought in a private law

---

[8] *Image Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

[9] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 507 (2006).

[10] *Kegerreis v. U.S.*, No. 03-2232-KHV, 2003 WL 22327188, at *2 (D. Kan. Oct. 9, 2003).

[11] *Houck v. Gurich*, 2013 WL 1800005, at *1 (10th Cir. April 30, 2013).

[12] *Woods v. Wadeson,* No. 6:14-cv-1079-EFM-KMH, 2014 WL 3740337, at *4 (D. Kan. July 30, 2014).

suit.[13]   In addition, parental rights, while important, are not one of the rights conferred under 28 U.S.C. § 1343.[14]   Therefore, Plaintiff fails to plead a basis for this Court to assume subject-matter jurisdiction over her claim.

### B.        Failure to State a Claim

Even if the lack of jurisdiction were not dispositive, Plaintiff also failed to state a viable claim for relief.   Although, Plaintiff proceeds pro se and her pleadings must be liberally construed,[15]   she still bears the burden to allege "sufficient facts on which a recognized legal claim could be based."[16]   The Court cannot "take on the responsibility of serving as [her] attorney in constructing arguments and searching the record."[17]

Plaintiff submitted along with her Complaint an attached court order from Sedgwick County which gives equal custody to the two parents.[18]   Under most circumstances, including the instant one, federal court is not the proper forum for the adjudication of parental custody issues or claims arising from a domestic order. Plaintiff's allegations of misconduct by the AFB security in violation of due process are also factually insufficient.   After thorough review of the Complaint, and being mindful

---

[13] Compl., ECF No. 1.
[14] *Woods*, 2014 WL 3740337, at *4.
[15] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[16] *Id.*
[17] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011).
[18] Compl. ECF No. 1, at 7.

that Plaintiff proceeds on a pro se basis, she has not plead sufficient facts or details to "state a claim to relief that is plausible on its face."[19]

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Complaint be dismissed without prejudice under Fed. R. Civ. P. 12(h)(3) for lack of subject-matter jurisdiction and under 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation.  Failure to make a timely objection waives appellate review of both factual and legal questions.[20]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 3rd day of August 2016.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[19] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[20] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).